Daniel C. Barr (#010149)
Barry G. Stratford (#029923)
Katherine E. May (#032335)
PERKINS COIE LLP
2901 North Central Avenue, Suite 2000
Phoenix, Arizona 85012-2788
Telephone: 602.351.8000
Facsimile: 602.648.7000
DBarr@perkinscoie.com
BStratford@perkinscoie.com
KMay@perkinscoie.com
DocketPHX@perkinscoie.com

*Attorneys for Plaintiff Oray Fifer*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oray Fifer,<br><br>              Plaintiff,<br><br>    v.<br><br>United States of America,<br><br>              Defendants. | No. CV-12-01753-PHX-NVW<br><br>**PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |

Plaintiff Oray Fifer ("Fifer"), by counsel, and pursuant to this Court's October 30, 2017 Order [Dkt. 161], submits these Proposed Findings of Fact and Conclusions of Law.

**I.   FINDINGS OF FACT**

On July 28, 2017, following a three-day bench trial on liability, the Court issued findings of fact and conclusions of law finding the United States liable to Fifer for battery under the Federal Tort Claims Act ("FTCA"). [Dkt. 154] Following a one-day bench trial on damages, the Court makes the following findings of fact and states the following conclusions of law pursuant to Rule 52(a)(1).

### A. Amount of Administrative Claim

On December 1, 2011, and August 30, 2012, Fifer filed an administrative claim for personal injury in the amount of $500,000.00.

### B. Non-Economic Damages

The nature of Fifer's injuries was described in some detail in the Court's previous findings of fact and conclusions of law. Briefly, on September 3, 2010, Fifer was struck multiple times in the head and face with rubber projectiles. [Dkt. 154 at 3, 6] One hit him in the neck, one on his head, and another in his left eye. The force of the blow knocked Fifer temporarily unconscious. [*Id*. at 6] When Fifer woke up, his left eye, previously healthy and functional, was filled with blood. [*Id.* at 7] Because of a previous injury to his right eye, the new injuries left Fifer unable to see out of both eyes. Fifer was examined by medical and transported to an outside hospital, where a medical evaluation revealed that he had suffered a detached retina, contusion, and permanent scarring in his left eye resulting in partial blindness. [*Id.*]

Over the next several years, Fifer received a total of five surgeries to restore his vision—three to his left eye and two to his right. Doctors ordered the surgeries to his right eye after it appeared that the damage to his left eye was irreparable. Although these surgeries restored considerable vision to Fifer's right eye, Fifer remains partially blind in his left eye due to the permanent scarring. [*Id*.] Specifically, Fifer only has minimal vision out of the corner of his left eye, and his central vision in that eye is substantially obscured by a black dot. Neither glasses nor contacts diminish the partial blindness in Fifer's left eye.

Fifer testified that, from the date of the injury up until his last surgery in 2012, he experienced blurred and foggy vision, light sensitivity, partial blindness, and severe headaches. He was prescribed pain medication following the incident and after each surgery.

The Court finds that these injuries were the proximate cause of physical pain and mental anguish. The initial phase of Fifer's injury (from September 2010 to approximately April 2012) was particularly painful, as demonstrated by the comments in his medical records, the heavy medications administered to him, and his own testimony. Delays in

scheduling and complications arising from the surgeries only served to exacerbate his pain and suffering. And, because Fifer remains partially blind in his left eye, it is reasonably likely that Fifer will suffer future pain and suffering as a result of the injury. The Court therefore finds that Fifer is entitled to receive compensation for non-economic damages, including pain and suffering (past and future), and loss of enjoyment of life (past and future).

### C. Prospective Medical Care

As noted, Fifer has received five surgeries to restore his vision, with moderate success. Because Fifer was a federal inmate at the time of the surgeries, the prison paid for his surgeries. And, as long as Fifer remains in custody, the prison will also pay for Fifer's other medical care needs, namely, his visits to the ophthalmologist and contact lenses, which he requires to see. Fifer is scheduled to be released from custody in December 2020, at which time he will be 50 years old.

Based on the evidence at trial, the Court finds that it is reasonably likely that Fifer will require future medial care as a result of the injury after he is released from custody. Specifically, Fifer will need contacts indefinitely, and it is at least reasonably probable that he will also need additional surgery to correct his vision. Therefore, the Court finds that Fifer is entitled to compensation for prospective medical care.

## B. CONCLUSIONS OF LAW

At the outset, the Court notes that Fifer's recovery cannot exceed $500,000.00, which is the amount he requested in his administrative claim. *See* 28 U.S.C. § 2675(b).

The Ninth Circuit has established three "basic steps" for calculating pecuniary damages under the FTCA: "(1) compute the value of the plaintiff's loss according to state law; (2) deduct federal and state taxes from the portion for lost earnings; and (3) discount the total award to present value." *Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984). "Arizona allows unlimited recovery for actual damages, expenses for past and prospective medical care, past and prospective pain and suffering, lost earnings, and diminished earning capacity." *Wendelken v. Superior Court*, 671 P.2d 896 (Ariz. 1983).

Fifer has requested the following damage amounts: $250,000 for non-economic

damages, and $50,000 for prospective medical care.

### 1. Non-Economic Damages

Fifer asks the Court to award $250,000 in non-economic damages. The Court reaches its award for pain and suffering based on its assessment of the record as a whole. *See Jacobs v. United States*, 2013 WL 9639663 (D. Ariz. June 18, 2013). The Court finds that the total monetary value of the pain and suffering resulting from this incident is $250,000.00. The Court finds that an award of $250,000 is a fair and just award for Fifer's pain and suffering.

### 2. Prospective Medical Care

Fifer asks the Court to award $50,000 in future medical costs. An award for future medical expenses is permissible if there is evidence that "the need for future care [is] reasonably probable and there [is] some evidence of the probable nature and cost of the future treatment." *Saide v. Stanton*, 135 Ariz. 76, 77, 659 P.2d 35, 36 (1983). "[T]he amount of damages may be established with proof of a lesser degree of certainty than required to establish the fact of damages." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 184, 680 P.2d 1235, 1245 (App. 1984). Under these standards, Fifer is entitled to the full amount that he requests.

As a result of his injury, Fifer is partially blind in his left eye. Fifer will be 50 years old when he is released from custody. Fifer will require contacts indefinitely, and it is reasonably likely that he may also require an additional surgery to correct his vision. Under these circumstances, Fifer is entitled to recover costs associated with the surgery. *See Griffen v. Stevenson*, 1 Ariz. App. 311, 312, 402 P.2d 432, 433 (1965) ("Damages for future medical expenses and future loss of earnings in connection with a specific surgical procedure may be recovered where the evidence supports a finding that it is reasonably probable or certain that such surgery will be performed in the future ....").

\* \* \*

Upon consideration of the foregoing findings and conclusions, the Court now concludes that Fifer is entitled to be compensated in the amount of $300,000.00 for the injuries and damages sustained as a proximate result of the Defendant's actions. A formal

1 | judgment will be entered accordingly.

Dated: November 27, 2017

**PERKINS COIE LLP**

By: *s/ Katherine E. May*
    Daniel C. Barr (#010149)
    Barry G. Stratford (#029923)
    Katherine E. May (#032335)
    2901 North Central Avenue, Suite 2000
    Phoenix, Arizona 85012-2788

*Attorneys for Plaintiff Oray Fifer*

**CERTIFICATE OF SERVICE**

☒ I hereby certify that on November 27, 2017, I electronically transmitted **PLAINTIFF'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants who have entered their appearance as counsel of record in this matter.

*s/ Katherine E. May*