**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Oray Fifer,<br><br>Plaintiff,<br><br>v.<br><br>United States of America,<br><br>Defendants. | No. CV-12-01753-PHX-NVW<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW (DAMAGES) AND ORDER** |

On July 28, 2017, following a three-day bench trial on liability, the Court found the United States liable to Plaintiff Fifer for battery under the Federal Tort Claims Act ("FTCA") and Arizona law. (Doc. 154.) Following a bench trial on damages, the Court makes the following findings of fact and states the following conclusions of law pursuant to Rule 52(a)(1).

**I. FINDINGS OF FACT**

1. On December 1, 2011, and August 30, 2012, Fifer filed an administrative claim for personal injury in the amount of $500,000.00.

2. Prior to Plaintiff's arrival at FCI Phoenix, Plaintiff was blind in his right eye.

3. Plaintiff is currently serving a 25-year sentence for distributing of a controlled substance, conspiring to distribute a controlled substance, and carrying a firearm in furtherance of a drug trafficking offense.

4. On September 3, 2010, during a riot, Plaintiff was struck in the left eye with

a rubber projectile, causing permanent injury.  Fifer was struck multiple times in the head and face with rubber projectiles.  (Doc. 154 at 3, 6.)  One hit him in the neck, one on his head, and another in his left eye. The force of the blow knocked Fifer temporarily unconscious.  (*Id*. at 6.)  When Fifer woke up, his left eye was filled with blood. Because of a previous injury to his right eye, the new injuries left Fifer unable to see out of either eye. Fifer was examined by medical staff and transported to an outside hospital, where a medical evaluation revealed that he had suffered a detached retina, contusion, and permanent scarring in his left eye resulting in partial blindness.  (*Id.* at 7.)

5. Fifer had five surgeries to his eyes—three to his left eye and two to his right eye—to restore sight to both eyes.

6. The surgeries restored sight to Plaintiff's right eye.  The surgeries partially restored sight to Plaintiff's left eye, with the vision in that eye obscured with a "dot" in the center of his field of vision, due to the scarring. Glasses do not diminish this effect in the left eye.

7. From the date of the injury up until his last surgery in 2012, he experienced blurred and foggy vision, light sensitivity, partial blindness, and headaches of varying intensity. He was prescribed pain medication following the incident and after each surgery.

8. The Federal Bureau of Prisons ("BOP") paid for Fifer's surgeries.  As long as Fifer remains in custody, the prison will also pay for Fifer's other medical care needs, namely, his visits to the ophthalmologist and contact lenses, which he requires to see. Fifer is scheduled to be released from custody in December 2020, at which time he will be 50 years old.

9. These injuries were the proximate cause of physical pain and mental anguish. The initial phase of Fifer's injury (from September 2010 to approximately April 2012) was particularly painful.  Because Fifer remains partially blind in his left eye, it is reasonably likely that Fifer will suffer future pain and suffering as a result of the injury. Fifer is entitled to receive compensation for non-economic damages, including past and future pain and suffering and loss of past and future enjoyment of life.

10. It is reasonably likely that Fifer will need contact lenses indefinitely. But it is not shown that other future substantial medical care, such as surgery, is reasonably likely.

11. Plaintiff is currently employed in the prison sewing shop, sewing flaps on pants.

## II. CONCLUSIONS OF LAW

12. There are three "basic steps" for calculating pecuniary damages under the FTCA: "(1) compute the value of the plaintiff's loss according to state law; (2) deduct federal and state taxes from the portion for lost earnings; and (3) discount the total award to present value." *Shaw v. United States*, 741 F.2d 1202, 1205 (9th Cir. 1984). "Arizona allows unlimited recovery for actual damages, expenses for past and prospective medical care, past and prospective pain and suffering, lost earnings, and diminished earning capacity." *Wendelken v. Superior Court*, 671 P.2d 896 (Ariz. 1983).

13. Fifer does not seek economic damages. Therefore, any such damages are waived. In any event, Plaintiff has not persuasively proven loss of future earning capacity.

14. Award for pain and suffering is based on the record as a whole. *See Jacobs v. United States*, 2013 WL 9639663 (D. Ariz. June 18, 2013). The total monetary value of Fifer's pain and suffering and loss of enjoyment of life resulting from this incident is $75,000.00, which is a fair and just award.

15. An award for future medical expenses requires persuasive evidence that "the need for future care [is] reasonably probable and there [is] some evidence of the probable nature and cost of the future treatment." *Saide v. Stanton*, 135 Ariz. 76, 77, 659 P.2d 35, 36 (1983). "[T]he amount of damages may be established with proof of a lesser degree of certainty than required to establish the fact of damages." *Rancho Pescado, Inc. v. Nw. Mut. Life Ins. Co.*, 140 Ariz. 174, 184, 680 P.2d 1235, 1245 (App. 1984). The prospect of future surgery to correct his vision is only speculative.

16. The value of Plaintiff's reasonably likely future medical care for contact lenses is not greater than $5,000.00.

17. Plaintiff Fifer is entitled to judgment against the United States in the amount of $80,000.00.

IT IS THEREFORE ORDERED that the Clerk of the Court enter judgment in favor of Plaintiff Oray Fifer against Defendant the United States of America in the amount of $80,000.00.

The Clerk shall terminate this case.

Dated: January 26, 2018.

_____
Neil V. Wake
Senior United States District Judge